FILED

2009 NOV -9  PM 1:13

CLERK US DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

COPY

1  Tom Myers (SBN 176008)
2  E-Mail: tomm@aidshealth.org
   F. Brian Chase (SBN 242542)
3  E-Mail: brian.chase@aidshealth.org
4  AIDS Healthcare Foundation
   6255 W. Sunset Blvd., 21st FL
5  Los Angeles, CA 90028
6  323-860-5200
   Fax: 323-467-8450
7

8  Attorneys for Plaintiff
9  AIDS HEALTHCARE FOUNDATION

10

11              UNITED STATES DISTRICT COURT

12       CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

13

14  AIDS HEALTHCARE              Case No.:  CV09  08199  R PLAx
    FOUNDATION,
15                              COMPLAINT FOR INJUNCTIVE
             Plaintiff,          AND DECLARATORY RELIEF
16
         vs.
17  DAVID MAXWELL-JOLLY,
18  DIRECTOR OF THE CALIFORNIA
    DEPARTMENT OF HEALTH CARE
19  SERVICES,
20            Defendant

21

22              JURISDICTION AND VENUE

23  1.    Plaintiff AIDS Healthcare Foundation (AHF) brings this complaint pursuant

24  to 28 U.S.C. section 1331; and the Supremacy and Equal Protection Clauses of the

25  United States Constitution.  In addition, this Court has supplemental jurisdiction

26  over the state law claims pursuant to 28 U.S.C. section 1367.

27

28

Complaint - 1

1    2.    Venue lies in this judicial district under 28 U.S.C. section 1391, in that
2    Defendant has offices within this judicial district and thus is deemed to reside
3    within this judicial district.

4

5                          **INTRODUCTION**

6    3.    It is clear that the State of California is facing a fiscal crisis of momentous
7    proportions. However, in this case, the State of California unfortunately, and
8    illegally, has tried to address its budget woes by reducing Medi-Cal payment rates
9    to nonprofit, safety net medical providers, paying less to these providers than it
10    pays to for-profit businesses *for the very same services.*
11    4.    In this desperate attempt to balance its budget on the backs of nonprofits, the
12    State has enacted a statute that (1) violates both federal and State constitutional
13    guarantees of equal protection, (2) impermissibly intrudes on and is preempted by
14    federal law specifically intended to provide a financial benefit to nonprofit safety
15    net providers like AHF, and (3) violates federal law covering the Medicaid
16    program.
17    5.    By this action, AHF seeks an injunction to invalidate this law, and to stop its
18    further implementation.

19

20                         **THE PARTIES**

21    6.    Defendant David Maxwell-Jolly is the Director of the Department of Health
22    Care Services. Defendant is sued in his official capacity. The Department is the
23    single State agency charged with the administration of California's Medicaid
24    program, known as Medi-Cal. The Director has an office in the County of Los
25    Angeles.
26    7.    Plaintiff AIDS Healthcare Foundation (AHF) is a California nonprofit
27    corporation. Its mission is to provide cutting edge medical care and advocacy to
28    people with HIV/AIDS regardless of ability to pay. Among other things, it

1  operates a number of HIV/AIDS outpatient medical clinics and AIDS specialty
2  pharmacies in California.  AHF primarily serves a low income/indigent patient
3  population.  AHF is a participant in the State Medi-Cal program.
4
5              GENERAL ALLEGATIONS
6      The Federal 340B Program – Reducing Drug Prices For Safety
7            Net Providers In Order To Advance Their Missions.
8    8.    Section 602 of the Veterans Health Care Act of 1992 (P.L. 102-585) created
9  what is now commonly known as the "340B Program."  This section, codified at
10  42 U.S.C. section 256b et seq., requires drug manufacturers to provide outpatient
11  drugs to specific entities at a reduced price.  For participating entities, the reduced
12  price affords an average savings of approximately 20% on prescription drug
13  purchases (Cook A. and Dong N., *An analysis of purchases, savings, and*
14  *participation in the PHS Drug Pricing Program*, Washington; Mathmatica Policy
15  Research, 1999, p. 51).
16    9.    The entities eligible to participate in the 340B program are all, by and large,
17  nonprofit and governmental safety net medical providers, who primarily provide
18  medical care to low income and indigent people.  These entities include:
19          • Federally qualified health centers;
20          • Black lung clinics;
21          • Native Hawaiian health centers; and,
22          • Hemophilia diagnostic centers.
23    10.   AHF is able to participate in the 340B program because it provides medical
24  care to people with HIV/AIDS under the Ryan White CARE Act (42 U.S.C.
25  section 300ff et seq.), a federal program designed to provide care to indigent
26  Americans with HIV/AIDS.  42 U.S.C. section 256b(a)(4)(J).
27    11.   Savings from the 340B program work in two ways.  First, for entities that
28  directly pay for and distribute drugs, they are able to buy these drugs at a lower

1   price, and thus can either purchase more drugs to provide more services, or utilize
2   the savings to provide other services.  Second, for entities that purchase the drugs
3   but are reimbursed by a third party (such as an insurance plan), the 340B program
4   allows for a larger difference between the purchase cost and the reimbursement
5   fee, which creates additional revenue for the nonprofit entity.

6   12.   340B participating entities are able to utilize the savings from drug
7   purchases in numerous ways that further their nonprofit and governmental
8   missions as safety net providers.  Entities that participate in the 340B program
9   most commonly use the savings to:

10  • Increase the number of patients served;
11  • Offset losses from providing pharmacy services for less than full
12    compensation;
13  • Reduce prescription prices to patients; and,
14  • Increase the services provided.

15

16                          **The Medicaid Program.**

17  13.   Medicaid is a joint and cooperative federal-state program for furnishing and
18  financing health care and services.  Title XIX of the Social security Act, 42 U.S.C.
19  section 1396 et seq., created the Medicaid program in 1965.

20  14.   The stated purpose of the Medicaid program, which serves many of the most
21  vulnerable and at-risk Americans, is:

22      [E]nabling each State, as far as practicable under the conditions in such
23      State, to furnish (1) medical assistance on behalf of families with
24      dependent children and of aged, blind, or disabled individuals, whose
25      income and resources are insufficient to meet the costs of necessary
26      medical services, and (2) rehabilitation and other services to help such
27      families and individuals attain or retain capability for independence or
28      self-care....  42 U.S.C. section 1396.

15.   To enable states to fulfill the purposes of Medicaid, and in exchange for obligations imposed by Title XIX, federal law provides:

[T]here is hereby authorized to be appropriated for each fiscal year a sum sufficient to carry out the purposes of [the Medicaid program].  The sums made available under this section shall be used for making payments to States that have submitted, and had approved by the Secretary, State plans for medical assistance.  42 U.S.C. section 1396.

16.   California's Medicaid program is referred to as "Medi-Cal" and it is a major component of the State's social safety net, which provides health care to the poorest Californians.  Due to recent cutbacks and statutory changes, healthcare providers have been steadily leaving the Medi-Cal program, making it progressively more difficult for patients with Medi-Cal to find appropriate care. Despite the exodus of health care providers from the program, the California legislature continues to enact laws that are likely to further reduce provider participation in Medi-Cal.

17.   Although participation by California in the Medicaid program is entirely voluntary, once California chooses to participate, it must carry out the requirements of Title XIX and its regulations.  California has elected to participate in the Medicaid program.

18.   Every state must designate a single state agency responsible for establishing and complying with a state Medicaid plan (the "State Plan).  42 U.S.C. section 1396a(a)(5) and 42 C.F.R. sections 430.10 and 431.10.  The State Plan must be approved by the United States Department of Health and Human Services and must describe the policies and methods the state will use to set payment rates for each type of service included in the State Plan.  42 C.F.R. sections 430.10 and 447.201(b).  Individual states may not amend their plans without prior approval by the United States Department of Health and Human Services.

19.   In implementing its Medicaid program, California is required to "provide such safeguards as may be necessary to assure that . . . care and services will be provided, in a manner consistent with simplicity of administration and the best interests of the recipients." 42 U.S.C. section 1396a(a)(19).

20.   In order to assure that this assistance meets appropriate standards of quality, accessibility, etc., Medi-Cal must assure that payments to medical care providers "are consistent with efficiency, economy, and quality of care and are sufficient enough to enlist enough providers so that care and services are available under the plan at least to the extent that such care and services are available to the general population in the geographic area." 42 U.S.C. section 1396a(a)(30)(A).  In other words, California must establish reimbursement rates for health care providers that are both consistent with high quality medical care, and sufficient to enlist enough providers to ensure that medical services are generally available.

### Payment For Prescription Drugs In The Medi-Cal Program.

21.   Entities that dispense prescription drugs to Medi-Cal recipients are reimbursed by the California Department of Health Care Services under the Medi-Cal program.

22.   Medi-Cal reimbursement rates for drugs are governed by Welfare and Institutions Code section 14105.45.  Rates are based on a list price for the drug (set by Medi-Cal), plus a professional dispensing fee.  This list price is not dependent on how much the dispensing entity actually pays for the drug.  Therefore, the dispensing entity can earn, in addition to the dispensing fee, the difference between what it pays for the drug, and the Medi-Cal list price.  This reimbursement rate is also known as the "fee for service" rate - the rate paid by Medi-Cal for each prescription filled.

### Drug Price Rebates In The Medi-Cal Program.

23.    Given the size of the entire Medicaid program (over 60 million enrollees), and the size of California's Medi-Cal program (over 6 million enrollees), most drug manufacturers want to participate in the Medicaid program, to be able to sell their drugs to this population.  However, in part to control costs, Medicaid law requires that drug manufacturers that wish to participate in the Medicaid program (and have their products paid for by the Medicaid program) rebate to the States a portion of the price of the drugs purchased for Medicaid purposes. 42 U.S.C. section 1396r-8(a)(1).

24.    Therefore, the total cost the Medi-Cal program pays for a drug is less than the price it pays to the entity dispensing it, because it gets a price rebate on the drug from the manufacturer.  In addition, the total payment the pharmaceutical company that makes the drug receives is less than the original price, because it has rebated some of the price back to the Medi-Cal program.

### Congress And The Department Of Health And Human Services
### Have Regulated The Relationship Between the Medicaid Program
### and The 340B Program In Order To Avoid Duplicate Drug Price
### Discounts.

25.    Congress understood that when it created both the Medicaid drug rebate requirement and the 340B drug discount program that there was a possibility drug makers could face double discounts.  Under this scenario, participants in the 340B program could purchase drugs at the 340B-discounted price, provide them to a Medi-Cal recipient, and then receive payment from Medi-Cal at the fee for service price.  Medi-Cal, then, would turn around and receive a rebate from the drug maker for the same drug.  For the drug maker this would represent a "double discount;" it sold the drug to the 340B entity at a reduced price, and then gave the Medi-Cal program a price rebate.

26.    To manage this issue, Congress, in enacting the 340B program, specified exactly how 340B entities are to handle and account for Medi-Cal transactions.  It directly and specifically gave to the Secretary of Health and Human Services the power and authority to devise a reimbursement mechanism to prevent such duplicate discounts:

      A.    Prohibiting duplicate discounts or rebates

             (i)   In general. A [340B] entity shall not request payment under the Medicaid program] with respect to a drug that is subject to an agreement under this section if the drug is subject to the payment of a rebate [under the Medicaid program]

             (ii)   Establishment of mechanism. **The Secretary shall establish a mechanism to ensure that [340B] entities comply with clause (i).** (emphasis added) 42 U.S.C. 256b(a)(5)(A).

27.    The Secretary has devised a mechanism that gives 340B participants the option of purchasing drugs for their Medicaid patients either through the 340B program, or on the open market.

28.    If they choose the former, the State Medicaid program cannot claim a rebate for that drug, although it will reimburse the 340B entity at a reduced price:

      When a 340B entity purchases drugs through the 340B program "on behalf of a Medicaid beneficiary, the amount billed [to Medicaid] shall not exceed the entity's actual acquisition cost for the drug . . . plus a dispensing fee established by the State Medicaid agency.  58 FR 27293; mechanism finally adopted at 58 FR 34058.

29.    If they choose the latter, the State Medicaid program can claim a rebate, and the 340B entity will be reimbursed at the normal Medicaid fee for service rate.

30.    Therefore, 340B entities purchasing drugs for Medicaid recipients have at least two options for providing drugs to Medicaid recipients.  Under both options, a duplicate discount is avoided and, under both options, the Medicaid program

1  receives the advantage of the discounted drug price, either through the passing on
2  of the discounted 340B price, or through a direct price rebate from the drug maker.
3  31.   The Secretary has created numerous forms, websites, and other items to
4  explain and facilitate this mechanism.
5  32.   In creating this mechanism, the Secretary has made a decision that 340B
6  entities may choose the Medicaid purchase/reimbursement option that best helps
7  them achieve their mission.  AHF for example, has opted to purchase drugs for its
8  Medicaid patients on the open market, and receive regular Medi-Cal
9  reimbursement rates.  This option results in a greater net revenue for AHF, which it
10  then uses to fulfill its nonprofit mission.

11

12          **California Has Unconstitutionally And Unlawfully Interfered**
13          **With The Federal 340B/Medicaid Drug Rebate Mechanism – To**
14                        **The Harm of 340B Entities.**

15  33.   In enacting a new law, California has wiped out this federally established
16  mechanism in California.  It has determined that it will give 340B entities *only one*
17  *way* of being reimbursed for drug purchases for its Medicaid population.
18  Moreover, this one way is the least advantageous to 340B entities like AHF, and
19  inhibits their ability to participate in and benefit from the 340B program,
20  frustrating that law's intent.

21

22          Legislative History of Assembly Bill X4-5, Which Enacts Welfare
23                  and Institutions Code section 14105.46.

24  34.   On July 1, 2009, the California Governor proclaimed a State Fiscal
25  emergency, sent a proposed budget bill to the legislature, and called the
26  Legislature into special session.

27

28

35.  On July 28, 2009, the Governor signed into law the Special Session Budget Bill (Assembly Bill X4-1) and, also, Assembly Bill X4-5 (the Special Session healthcare trailer bill).

36.  Assembly Bill X4-5 was chaptered as Chapter 5, Statutes of 2009 – 2010, Fourth Extraordinary Session.

37.  Section 40 of Assembly Bill X4-5 added Section 14105.46 to the Welfare and Institutions Code which:

- In subd. (b), requires 340B participants to dispense *only* drugs purchased through the 340B program to Medi-Cal beneficiaries; and

- In subd. (d), requires 340B participants to bill Medi-Cal *only* the participant's actual acquisition cost (as opposed to the Medi-Cal fee for service list price, which normally is higher than the actual acquisition cost) for the drug as charged by the manufacturer at a price consistent with the 340B program, plus the same dispensing fee set pursuant to Welfare and Institutions Code section 14105.45 (or a dispensing fee pursuant to section 14132.01 for certain clinics).

38.  The Medi-Cal reimbursement rate for drugs purchased through the 340B program is less than the reimbursement rate for drugs not purchased through the 340B program.  As a result of this law, 340B participants such as AHF are will be harmed because they will be paid less than for-profit drug dispensers for the same services, and will have less net revenue to use to fulfill their role as safety net providers.

1

2

3

<u>Welfare and Institutions Code section 14105.46 Disrupts The</u>
<u>340B/Medicaid Drug Rebate Mechanism Established By the Secretary</u>
<u>of HHS.</u>

4   39.    In enacting this law, the State has modified the mechanism set out by the

5   federal government in enacting the 340B program to avoid duplicate drug rebates

6   stemming from the interplay of the Medicaid program and the 340B program.

7   40.    The State law impermissibly conflicts with the federal mechanism set out by

8   Congress.

9   41.    Under this law, the Medi-Cal reimbursement rate for drugs purchased

10  through the 340B program is less than the reimbursement rate for drugs not

11  purchased through the 340B program.  This results in less revenue to 340B

12  participants, and frustrates the federal intent behind the 340B program.

13

14

15

<u>Welfare and Institutions Code section 14105.46 Denies 340B</u>
<u>Participants Equal Protection Under The Law.</u>

16  42.    Under this law, the Medi-Cal reimbursement rate for drugs purchased

17  through the 340B program is less than the reimbursement rate for drugs not

18  purchased through the 340B program.  In enacting this law, the State has imposed

19  price discrimination on vendors for services.  For one set of vendors, the State will

20  one pay price for drugs, and for another set of vendors, it will pay a different price.

21  43.    The price discrimination affected by this law harms nonprofits and social

22  safety net providers like AHF.  For-profit pharmacies actually receive a higher

23  reimbursement rate, and thus receive higher revenues, than do 340B participants.

24

25

26

<u>Welfare and Institutions Code section 14105.46 Violates Federal</u>
<u>Medicaid Law.</u>

27  44.    Under this law, the Medi-Cal reimbursement rate for drugs purchased

28  through the 340B program is less than the reimbursement rate for drugs not

1  purchased through the 340B program.  In enacting this law, the State therefore has
2  instituted a rate reduction in its reimbursement for pharmacy services for entities
3  that participate in the 340B program.

4  45.   Upon information and belief, no studies or other analyses were conducted by
5  the California Legislature or by the Director of the Department of Health Care
6  Services to determine the impact Welfare and Institutions Code section 14105.46
7  would have on the ability of Medi-Cal beneficiaries to have access to health care
8  services to the same extent as the general public.  AHF is informed and believes
9  and further alleges that the Legislature has long been aware that prior to and as of
10  the date of enactment of Welfare and Institutions Code section 14105.46, Medi-Cal
11  beneficiaries did not have adequate access to health care services.

12  46.   Upon information and belief, no studies or other analyses were conducted by
13  the California Legislature or by the Director of the Department of Health Care
14  Services to determine the impact of Welfare and Institutions Code section
15  14105.46 would be consistent with efficiency, economy and quality of care or with
16  the costs of providing the services impacted by the bill.  No consideration was
17  given to how the passage of the bill would impact access of Medi-Cal recipients to
18  care.

19  47.   The passage of Welfare and Institutions Code section 14105.46 will cause
20  providers to further reduce the services they currently provide to Medi-Cal
21  beneficiaries or cease providing care to Medi-Cal beneficiaries.  As a result of this
22  law, 340B participants who also participate in the Medi-Cal face a number of
23  damaging choices.  In order to secure regular Medi-Cal reimbursement, they can
24  leave the 340B program, and thus undermine the effectiveness and the benefits of
25  this federal program.  Conversely, many 340B participants who find that the
26  reduced Medi-Cal reimbursement rate is insufficient will no longer provide
27  pharmacy services to Medi-Cal recipients. Or, true to their nonprofit mission,
28  many 340B participants will continue in both programs, offering fewer services to

1  the people they serve due to the reduced revenues, suffering economic damage not

2  sustained by non-340B participants, and again undermining the intent and purpose

3  of the federal 340B program.

4  48.   The enactment of Welfare and Institutions Code section 14105.46 will

5  negatively impact Medi-Cal recipients by hampering the ability of providers to

6  furnish medical assistance to all Medicaid recipients with "reasonable

7  promptness," in violation of 42 U.S.C. section 1396a(a)(8).

8  49.   Neither the California Legislature nor the Department of Health Care

9  Services ensured that payments under Welfare and Institutions Code section

10  14105.46 would be "sufficient to enlist enough providers so that services (under

11  Medi-Cal) are available to recipients at least to the extent that those services are

12  available to the general population," in violation of 42 U.S.C. section 1396a(a)(30)

13  and 42 C.F.R. section 4457.204.

14  50.   Welfare and Institutions Code section 14105.46 was enacted without

15  ensuring that reimbursement rates for pharmaceuticals are sufficient to establish

16  equal access to services for Medi-Cal beneficiaries, in violation of the State Plan.

17  51.   Welfare and Institutions Code section 14105.46 is invalid and may not

18  lawfully be implemented because it is inconsistent with the State Plan, including

19  but not limited to Supplement 2 to attachment 4.19-B of the State Plan, titled

20  "Payment Methodology for Prescription Drugs." The State Plan may not be

21  amended without the approval of the United States Department of Health and

22  Human Services which, upon information and belief, Plaintiff alleges has not been

23  secured.

24

25                      **FIRST CAUSE OF ACTION**

26                   **Violation of California Constitution**

27  52.   AHF refers to and incorporates each of the allegations in each of the

28  preceding paragraphs, as if fully set forth herein.

53.   AHF is a member of a group that participates in the Medi-Cal program by providing pharmacy services to Medi-Cal enrollees.

54.   Although similarly situated to other members in the group providing pharmacy services to Medi-Cal recipients, AHF is treated differently by the State, in that the State, through the enactment of Welfare and Institutions Code section 14105.46, reimburses AHF at a different and lower rate for the same services than for-profit, and non - 340B participant, members of the group.

55.   This discrimination is without justification, and violates the equal protection clause and the privileges and immunities clause of the California Constitution, Article I, section 7.

## SECOND CAUSE OF ACTION

### Violation of Equal Protection Clause of United States Constitution

56.   AHF refers to and incorporates each of the allegations in each of the preceding paragraphs, as if fully set forth herein.

57.   AHF is a member of a group that participates in the Medi-Cal program by providing pharmacy services to Medi-Cal enrollees.

58.   Although similarly situated to other members in the group providing pharmacy services to Medi-Cal recipients, AHF is treated differently by the State, in that the State, through the enactment of Welfare and Institutions Code section 14105.46, reimburses AHF at a different and lower rate for the same services than for-profit, non-340B participant, members of the group.

59.   This discrimination is without justification, and violates the equal protection clause of the United States Constitution, 14th Amendment.

## THIRD CAUSE OF ACTION

### Violation of 42 U.S.C. Section 1396a (Supremacy Clause)

60.   AHF refers to and incorporates each of the allegations in each of the preceding paragraphs, as if fully set forth herein.

61.   In enacting Welfare and Institutions Code section 14105.46, the State has instituted a rate reduction in its Medi-Cal reimbursement for pharmacy services for entities that participate in the 340B program.

62.   In enacting this law, the State has failed to determine or consider whether the Medi-Cal price requirements in the law "are consistent with efficiency, economy, and quality of care and are sufficient enough to enlist enough providers so that care and services are available under the plan at least to the extent that such care and services are available to the general population in the geographic area." 42 U.S.C. section 1396a(a)(30).

63.   The Medi-Cal price requirements in the law are not consistent with the requirements of 42 U.S.C. section 1396a(a)(30), which requirements are binding on the State.

64.   As a result of this failure, the State's actions in passing and implementing Welfare and Institutions Code section 14105.46, are unlawful, in violation of 42 U.S.C. section 1396a(a)(30), so as to be preempted, under the Supremacy Clause, such that Defendant act in excess of and without jurisdiction to implement this section of the Welfare and Institutions Code.

65.   Welfare and Institutions Code section 14105.46 is preempted by the Supremacy Claus of the United States Constitution, art. IV, because it was enacted without regard to the factors outlined in section 1396a(a)(30) and will frustrate the purpose of Congress in the enactment of that legislation.

# FOURTH CAUSE OF ACTION

### Federal Preemption of Welfare and Institutions Code Section 14105.46

66.   In enacting the rebate program of the Medicaid program, (42 U.S.C. section 1396r-8(a)(1)), and in enacting the drug price discount provisions of the 340B program (42 U.S.C. 256b et seq.), Congress created a situation whereby the interplay of these two programs could result drug manufacturers paying a "double discount" on the price for drugs.

67.   In enacting 42 U.S.C. 256b, Congress gave to the Secretary of HHS the exclusive authority to resolve this situation, and create a mechanism whereby the interplay of the Medicaid program and the 340B program did not result in a double discount, and to do so in a manner that not only prevents the double discount, but also best meets the intents and purposes of both the Medicaid program and the 340B program.

68.   The Secretary has established this mechanism.

69.   In enacting these statutes, and in the establishment of this regulatory mechanism, Congress and the Department of Health and Human Services intended to and did completely occupy the field with respect to how double discounts are to be avoided.

70.   Welfare and Institutions Code section 14105.46 legislates on the very same subject as the federal laws described above.

71.   The statute passed by the State of California impinges on, and reduces the effectiveness of the 340B program, because it reduces the amount of money available to nonprofit entities to fulfill their nonprofit missions, and provide extra medical and other services to needy Americans.

72.   The federal interest in the 340B program far outweighs California's interest in the enacted statute, because even in the absence of the statute, California still has access to reduced prices for drugs for its Medicaid program.

73.    Welfare and Institutions Code section 14105.46, is thus preempted by federal law and regulation under the Supremacy Clause, such that the State acts in excess of and without jurisdiction to implement this section of the Welfare and Institutions Code.

## FIFTH CAUSE OF ACTION

### Violation of 42 C.F.R. § 447.204 (Supremacy Clause)

74.    AHF refers to and incorporates each of the allegations in each of the preceding paragraphs, as if fully set forth herein.

75.    Welfare and Institutions Code section 14105.4640 is invalid and may not be lawfully implemented because it violates 42 C.F.R. § 447.204 and is, therefore, preempted by the Supremacy Clause, because neither the California Legislature nor the Director of the Department of Health Care Services has ensured that the enactment will ensure that "payments [are] sufficient to enlist enough providers so that services under the [State Plan] are available to recipients at least to the extent that those services are available to the general population."

## SIXTH CAUSE OF ACTION

### Violation of 42 C.F.R. § 447.205 (Supremacy Clause)

76.    AHF refers to and incorporates each of the allegations in each of the preceding paragraphs, as if fully set forth herein.

77.    Welfare and Institutions Code section 14105.46 is invalid and may not be lawfully implemented because it violates 42 C.F.R. § 447.205 and is, therefore, preempted by the Supremacy Clause, because it was not adopted through a public process consistent with that provision.

## SEVENTH CAUSE OF ACTION

### Violation of the State Medicaid Plan (Supremacy Clause)

78.   AHF refers to and incorporates each of the allegations in each of the preceding paragraphs, as if fully set forth herein.

79.   Each state that participates in Medicaid must establish and comply with a state Medicaid Plan that must comply with all applicable provisions of Medicaid law. The state plan must be submitted to and approved by the Secretary of the United States Department of Health and Human Services and must describe the policies and methods used to set payments rates for each type of service included in the state plan. 42 C.F.R. §§ 430.10 and 447.201(b).  States may not change their Medicaid plans without prior approval by the Secretary.

80.   Welfare and Institutions Code section 14105.46 is invalid and may not be lawfully implemented because it amends the California Medicaid state plan without prior approval by the Secretary and is, therefore, preempted by the Supremacy Clause.

## EIGHTH CAUSE OF ACTION

### Violation of the Department of United States Department of Health and Human Services Guidance (Supremacy Clause)

81.   AHF refers to and incorporates each of the allegations in each of the preceding paragraphs, as if fully set forth herein.

82.   The practice and method of providing drugs to Medicaid patients by 340B providers outside the 340B program has been expressly created by the United States Department of Health and Human Services, pursuant to a Congressional delegation of authority, and which Department has issued guidelines for the practice. 65 Fed. Reg. 13,983.

83.   Welfare and Institutions Code section 14105.46 is invalid and may not be lawfully implemented because it undermines the intent of the United States

1  Department of Health and Human Services by banning a practice expressly

2  contemplated by federal guidance and is, therefore, preempted by the Supremacy

3  Clause.

4

5  ## NINTH CAUSE OF ACTION

6  ### Declaratory Relief

7  84.   AHF refers to and incorporates each of the allegations in each of the

8  preceding paragraphs, as if fully set forth herein.

9  85.   An actual and judiciable controversy exists between Plaintiff and Defendant

10  regarding the validity of Welfare and Institutions Code section 14105.46.  Plaintiff

11  contends that the restriction that law places on safety-net pharmacies is invalid and

12  in violation of federal statutes, regulations, and guidance.

13  86.   Accordingly, pursuant to 28 U.S.C. § 2201, AHF requests a declaration that

14  section Welfare and Institutions Code section 14105.46 is invalid and

15  unenforceable.

16  87.   AHF's injuries are great, immediate and irreparable, for which damages at

17  law are inadequate, and for which AHF has not plain, adequate or speedy relief at

18  law or otherwise.

19       WHEREFORE, AHF demands judgment:

20       a.   For an order declaring that section 14105.46 of the Welfare and

21  Institutions Code is preempted by federal law;

22       b.   For an order declaring that section 14105.46 of the Welfare and

23  Institutions Code violates the Equal Protection Clause of the United States

24  Constitution;

25       c.   For an order declaring that section 14105.46 of the Welfare and

26  Institutions Code violates the Equal Protection and Privileges and Immunities

27  Clauses of the California Constitution;

28

d.      For an order declaring that section 14105.46 of the Welfare and Institutions Code constitutes a *de facto* amendment to the State Plan and, therefore, cannot be implemented without federal approval;

e.      For an order declaring that section 14105.46 of the Welfare and Institutions Code violates 42 U.S.C. section 1396a(a)(30), 42 C.F.R. section 447.204, 42 C.F.R. section 447.205 and 65 Fed. Reg. 13,983 and is, therefore, unenforceable under the Supremacy Clause of the United States Constitution;

f.      For an order preliminarily and permanently enjoining Defendant from implementing section 14105.46 of the Welfare and Institutions Code.

g.      For costs of suit, including reasonable attorneys fees; and,

h.      For all other equitable relief as the Court may deem necessary, just and/or appropriate under the circumstances of this case.

Dated this ___ day of November, 2009,

F. Brian Chase

AIDS Healthcare Foundation
6255 W. Sunset Blvd., 21st Fl.
Los Angeles, CA 90028
323-860-5200
Fax: 323-467-8450
Tom Myers (SBN 176008)
F. Brian Chase (SBN242542)

Complaint - 20

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

COPY

CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| AIDS Healthcare Foundation | David Maxwell-Jolly, Director of the California Department of Health Care Services |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Tom Myers (SBN 176008)<br>F. Brian Chase (SBN 242542)<br>6255 W. Sunset Blvd., Los Angeles, CA 90028; (323) 860-5200 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☒ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☐ Yes   ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☐ MONEY DEMANDED IN COMPLAINT: $ n/a

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Federal preemption of Ca. Welfare & Institutions Code sect. 14105.46 by 42 U.S.C. sect. 1396(a)(30); 42 C.F.R. sect. 447.204, 447.205 and 65 Fed. Reg. 13,989

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | | | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | IMMIGRATION | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☒ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**   Case Number: ___ CV09  08199

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☑ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                      ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                      ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                      ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California, or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Offices in Sacramento and Los Angeles Counties |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
     **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Each of the claims in the Complaint arose, among other places, in Sacramento County. |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date  19/2009

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |